AO 451 (Rev. 2/86) Certification of Judgment ⊕

**04** MBD **10096**

# United States District Court

————————————————————— DISTRICT OF __New Jersey__ ——————————————

CIT Communications Finance
Corporation

V.

The Screen House Corporation

**CERTIFICATION OF JUDGMENT
FOR REGISTRATION IN
ANOTHER DISTRICT**

Case Number: 02-3175

I, _____WILLIAM T. WALSH_____, Clerk of this United States District Court

certify that the attached judgment is a true and correct copy of the original judgment entered in this ac-

tion on __Oct.24,2002_____, as it appears in the records of this court, and that
        *Date*

* __"No notice of appeal from this judgment has been filed, and no_____

__motion of any kind listed in Rule (4 a) of the Federal Rules of_____

__Apellate Procedure has been filed"_____

IN TESTIMONY WHEREOF, I sign my name and affix the seal of this Court on

12/12/02 _____.
        *Date*

_____WILLIAM T. WALSH_____
Clerk

_____Elizabeth L. Liddall_____
*(By) Deputy Clerk*

*Insert the appropriate language: . . . "no notice of appeal from this judgment has been filed, and no motion of any kind listed in Rule 4(a) of the Federal Rules of Appellate Procedure has been filed." . . . "no notice of appeal from this judgment has been filed, and any motions of the kinds listed in Rule 4(a) of the Federal Rules of Appellate Procedure [*] have been disposed of, the latest order disposing of such a motion having been entered on [date]." . . . "an appeal was taken from this judgment and the judgment was affirmed by mandate of the Court of Appeals issued on [date]." . . . "an appeal was taken from this judgment and the appeal was dismissed by order entered on [date]."

[*Note: The motions listed in Rule 4(a), Fed. R. App. P., are motions: for judgment notwithstanding the verdict; to amend or make additional findings of fact; to alter or amend the judgment; for a new trial; and for an extension of time for filing a notice of appeal.]

CLOSED

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

Jeffrey S. Lipkin (JL2475)
DRINKER BIDDLE & SHANLEY LLP
A Pennsylvania Limited Liability Partnership
500 Campus Drive
Florham Park, New Jersey 07932-1047
(973) 360-1100
Attorneys for Plaintiff
CIT Communications Finance Corporation

ENTERED
ON
THE DOCKET

OCT 2 4 2002

WILLIAM T. WALSH, CLERK
By_____
(Deputy Clerk)

---

CIT COMMUNICATIONS
FINANCE CORPORATION,

    Plaintiff,

v.

THE SCREEN HOUSE CORPORATION,

    Defendant.

Civil Action No. 02-3175 (KSH)

**FINAL JUDGMENT BY DEFAULT**

ORIGINAL FILED

OCT 2 2 2002

WILLIAM T. WALSH, CLERK

THIS MATTER having been opened to the Court by Drinker Biddle & Shanley LLP, attorneys for plaintiff CIT Communications Finance Corporation ("CIT") for Final Judgment by Default pursuant to Fed. R. Civ. P. 55(b); and defendant The Screen House Corporation having been duly served with process and a copy of the Complaint in the above-captioned action; and a default having been entered on the docket pursuant to Fed. R. Civ. P. 55(a), for defendant's failure to answer or otherwise move as against the Complaint; and plaintiff having filed an affidavit setting forth a particular statement of the items of the claim, the calculation and figures of the amount of interest, the payments of credits, if any, and the amount due,

FINAL JUDGMENT is on this 21st day of October 2002, signed and entered in the sum of $229,079.49 in favor of the plaintiff CIT Communications Finance Corporation and against

defendant The Screen House Corporation, representing the Lessor's Return sought in the Complaint, and it is further

ORDERED that FINAL JUDGMENT also be entered in the sum of $1,667.55 in favor of the plaintiff CIT Communications Finance Corporation and against defendant The Screen House Corporation representing attorneys' fees and costs (as of September 9, 2002) sought in the Complaint, and it is further

ORDERED that FINAL JUDGMENT be entered in favor of the plaintiff CIT Communications Finance Corporation and against defendant The Screen House Corporation for reasonable and necessary attorneys' fees and costs incurred after September 9, 2002 in connection with any enforcement or execution proceedings related to the within Judgment, as sought in the Complaint; provided, however, that plaintiff seek the recovery of any such attorneys' fees and costs upon written application to this Court, and it is further

ORDERED that a copy of this Final Judgment be served upon the defendant by certified mail, return receipt and first class mail within five (5) days of receipt by plaintiff's counsel; and it is further

ORDERED that the within Judgment be subject to the applicable post-judgment interest rate.

Katharine S. Hayden, U.S.D.J.

I HEREBY CERTIFY that the above and foregoing is a true and correct copy of the original on file in my office.
ATTEST:
WILLIAM T. WALSH, Clerk
United States District Court
District of New Jersey
By _____
Deputy Clerk